## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

FREDDIE MOTLEY,                          )
                                         )
      Plaintiff,                )
                                         )
v.                                       )    No. 4:07CV00823 ERW
                                         )
LANCE C. WOLFF, et al.,                  )
                                         )
      Defendants.               )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Freddie Motley (registration no. 58106 ), a prisoner at the St. Louis City Justice Center (SLCJC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.00. See 28 U.S.C. § 1915(b)(1).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of

the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $25.00, and an average monthly account balance of $17.88. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are police officer Lance C. Wolff; police officer Joseph R. Somogye; police officer Anthony Lachenicht; police officer Mark J. Biondolion; police officer Joseph Morici; Leslie James; and assistant public defender Sriant Chigurupati. Briefly, it appears that plaintiff is a pre-trial detainee awaiting disposition of state criminal charges concerning illegal drugs. Plaintiff alleges that the charges are false and that defendants Wolff, James, Somogye, Lachenicht, Biondolion, and Morici fabricated evidence against him. Plaintiff further alleges that defendants Somogye and Wolff conducted illegal searches. Plaintiff also alleges that his appointed public defender, defendant Chigurupati, is providing ineffective assistance.

## Discussion

Plaintiff's claims against defendants Wolff, Somogye, Lachenicht, Biondolion, and Morici regarding "false arrest" survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that process issue upon the complaint to defendants Wolff, Somogye, Lachenicht, Biondolion, and Morici and that these defendants reply to these claims.[1]

Plaintiff's claims against defendants James and Chigurupati, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Public defenders, such as defendant

---

[1]Additionally, because it appears that plaintiff has filed his "false arrest" claim before he has even been convicted, the Court notes the possibility of staying this civil action until the criminal case is ended. See Wallace v. Kato, 549 U.S. ___, 127 S.Ct. 1091, 1098 (2007)

Chigurupati, performing a lawyers' traditional functions do not act under color of state law for purposes of § 1983 and, therefore, cannot be held liable under it. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). Private citizens who are not government officials, such as defendant James, do not act under color of state for purposes of § 1983. Therefore, plaintiff's claims against these defendants should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants James and Chigurupati because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Wolff, Somogye, Lachenicht, Biondolion, and Morici.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2),

defendants Wolff, Somogye, Lachenicht, Biondolion, and Morici shall reply to the complaint

within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil

Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case

management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

So Ordered this 30th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE